UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  Defendants. | Case No. 1:25-cv-01452-KES-CDB (PC)<br><br>ORDER DIRECTING PLAINTIFF J.M. TO FILE MOTION TO PROCEED UNDER PSEUDONYM<br><br>(Doc. 1)<br><br>**10-DAY DEADLINE** |

Plaintiff J.M. ("Plaintiff"), a former federal inmate proceeding by counsel, initiated this action with the filing of complaint against Defendant United States of America, Atwater John Does 1 and 2, and Mendota Does 1-5 (collectively, "Defendants") on October 30, 2025. (Doc. 1). Plaintiff asserts claims against the government under the Federal Tort Claims Act ("FTCA") and against individual defendants for violations of Plaintiff's constitutional rights. *Id.* at 6. In the complaint, Plaintiff J.M. alleges that this suit "arises from the assault and sexual assault by [Bureau of Prisons ("BOP")] guards at USP Atwater and the retaliation that followed at FCI Mendota[.]" *Id.* ¶ 3.1. The Court notes that, while the complaint refers to Plaintiff as "J.M.," no formal request to proceed in this action pseudonymously has been filed.

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual

1

case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Id*. (citations and internal quotations marks omitted). A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

Here, Plaintiff has not been granted leave to proceed pseudonymously yet the complaint refers to Plaintiff as "J.M."  Because the allegations implicate sensitive information of sexual assault and sexual harassment against Plaintiff, and Plaintiff has not yet filed any motion to proceed pseudonymously, the Court finds it appropriate to direct Plaintiff to file a motion to proceed using a pseudonym in this action.

### Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that, **within 10 days** of entry of this order, Plaintiff J.M. shall file a motion to proceed pseudonymously in this action.  Any opposition or statement of non-opposition shall be consistent with Local Rule 230.  *See* Local Rule 230(c) & (d).  Following completion of briefing, the motion will be submitted on the papers without hearing or oral argument.  *See* Local Rule 230(g).

IT IS SO ORDERED.

Dated:   **December 18, 2025**                     _____
                                                                    UNITED STATES MAGISTRATE JUDGE

2