UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-01452-KES-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM<br><br>(Doc. 11) |

**Relevant Background**

Plaintiff J.M. ("Plaintiff"), a former federal inmate proceeding by counsel, initiated this action with the filing of complaint against Defendant United States of America, Atwater John Does 1 and 2, and Mendota Does 1-5 (collectively, "Defendants") on October 30, 2025. (Doc. 1). Plaintiff asserts claims against the government under the Federal Tort Claims Act ("FTCA") and against individual defendants for violations of Plaintiff's constitutional rights. *Id.* at 6. In the complaint, Plaintiff J.M. alleges that this suit "arises from the assault and sexual assault by [Bureau of Prisons ("BOP")] guards at USP Atwater and the retaliation that followed at FCI Mendota[.]" *Id.* ¶ 3.1. Because he is referred to in the complaint only by the initials "J.M." but had not previously sought leave to appear pseudonymously, on December 19, 2025, the Court directed Plaintiff to file a motion to proceed under pseudonym within 10 days of entry of the order. (Doc. 9). The Court noted that the motion will be submitted on the papers without hearing or oral argument. *Id.* at 2; *see* Local Rule 230(g).

1

**Plaintiff's Request to Proceed Under Pseudonym**

Pending before the Court is Plaintiff's motion to proceed under pseudonym, filed on December 29, 2025. (Doc. 11). Plaintiff seeks to proceed under the pseudonym "J.M." because his complaint alleges sexual abuse, retaliation, and threats of future harm and because he attests his fears are reasonable and he remains vulnerable to harm. *Id.* at 2. Plaintiff contends that Defendants would not be prejudiced if he is permitted to proceed using a pseudonym because Defendants already know J.M.'s identity and the public interest is best served by ensuring alleged victims of sexual assault are protected from personal embarrassment and ridicule and other harm. *Id.* Plaintiff argues that the complaint specifically alleges criminal misconduct by multiple guards at USP Atwater and FCI Mendota, including a beating by Officer Munagay, a sexual assault by multiple guards immediately thereafter, attempts to cover up the assaults, false accusations against Plaintiff, and other threats. (Doc. 11-1 at 2). Because Plaintiff remains a federal inmate with a release date in 2031, he contends he remains subject to ongoing retaliation, assaults, threats, and other abuse. *Id.* Plaintiff represents that counsel for the government, who has not yet appeared in this action, has indicated that the government would not oppose Plaintiff's instant request to proceed under pseudonym once he appeared, and Plaintiff notes that Defendants reserve the right to contest the allegations on the merits.[1] *Id.* at 3; *see id.* at fn. 4.

**A.   Governing Authority**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general

---

[1] Plaintiff represents that counsel for the government, who has not yet appeared, contacted counsel for Plaintiff and explained the delay in appearing is due to "the internal administrative process for recusal and reassignment [that] remains ongoing and [Defendants' counsel] could not yet file his notice of appearance." (Doc. 11-1 at 3).

presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). In evaluating such a request, courts should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

**B.    Analysis**

The Court has reviewed Plaintiff's request and finds the reasons advanced for proceeding under pseudonym warrant granting the relief requested. Because counsel for Plaintiff represents that counsel for Defendants authorized Plaintiff to inform the Court that Defendants would not oppose Plaintiff's request to proceed under pseudonym, and given that Defendants are already aware of Plaintiff's identity, the Court finds that the government would not suffer material prejudice if Plaintiff were allowed to proceed under pseudonym. Therefore, this factor weighs in favor of granting Plaintiff's requested relief. *See Doe v. Andrews*, No. 1:25-CV-00506-SAB-HC, 2025 WL 1856591, at *3 (E.D. Cal. June 26, 2025) (granting request to proceed under pseudonym where respondents "have not attempted to—and

cannot—argue that they would suffer any prejudice if Petitioner were allowed to proceed under pseudonym given Petitioner's identity is known to the Court and Respondents.").

While the Court is mindful of the public's interest in knowing the identity of the parties, after reviewing the record and considering the nature of the potential harm to which Plaintiff may be exposed, the reasonableness of Plaintiff's fears relating to threat of future harm, the sensitive nature of allegations of sexual assault and sexual harassment against Plaintiff, and any potential prejudice to the government as well as the public's interest in this action, the Court finds that, at this early stage of the litigation, Plaintiff's need for anonymity outweighs the competing interests. *See Advanced Textile Corp.*, 214 F.3d at 1067-68 ("In this circuit, we allowed parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary … to protect a person from harassment, injury, ridicule, or personal embarrassment.'") (citing *United States. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *Kamehameha Schools*, 596 F.3d at 1043-44 (noting that a plaintiff's reasonable fear of physical harm if his identity is revealed weighs in favor of permitting a plaintiff to proceed by pseudonym). Therefore, the Court will grant Plaintiff's request to proceed under pseudonym in this action.

As Defendants have not yet appeared in this action, the Court's order will permit Defendants to seek reconsideration of this ruling following their appearance in the action. *See Doe #3 v. California*, No. 1:23-cv-00868-JLT-BAM, 2023 WL 3996476, at *2 (E.D. Cal. June 14, 2023) (granting *ex parte* motion to proceed by pseudonym where action involved allegations of sexual assault and rape by correctional officer, subject to reconsideration when defendants appear in action); *J.I. v. United States*, No. 18-cv-00363-LJO-SAB, 2018 WL 1474355, at *3 (E.D. Cal. Mar. 26, 2018) ("[T]he Court finds that, at this stage of the litigation, Plaintiff is entitled to proceed in partial anonymity.  However, the Court will reconsider the matter should the defendants choose to object once they have appeared in this action and articulate why anonymity is not appropriate under the standards set forth above.").

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed under pseudonym (Doc. 11) is GRANTED.  All parties and their counsel shall use the pseudonym "J.M." in place of Plaintiff's legal name in all future pleadings and papers filed in this action; and

4

2. The parties are prohibited from disclosing or publishing the true name of Plaintiff except by order of this Court and as necessary toward the prosecution or defense of the case.

IT IS SO ORDERED.

Dated: __**December 31, 2025**__  
_____  
UNITED STATES MAGISTRATE JUDGE