UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M.,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>              Defendants. | Case No. 1:25-cv-01452-KES-CDB (PC)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER CONTINUING FEBRUARY 4, 2026, SCHEDULING CONFERENCE<br><br>ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE OF THIS ORDER AND TO FILE PROOF OF SERVICE<br><br>**7-Day Deadline** |

Plaintiff J.M. ("Plaintiff"), a former federal inmate proceeding by counsel, initiated this action with the filing of complaint against Defendant United States of America, Atwater John Does 1 and 2, and Mendota Does 1-5 (collectively, "Defendants") on October 30, 2025.  (Doc. 1).

The next day,  the Clerk of the Court issued summons for service upon Defendant United States of America and the Court entered an order setting a mandatory scheduling conference for February 4, 2026.  (Docs. 3, 4).  The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  (Doc. 4 at 1).  The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of

1

sanctions, including the dismissal of unserved defendants." *Id*.

Notwithstanding the Court's order, to date, Plaintiff has not filed proofs of service and no Defendant has appeared in the action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant. *See also* Fed. R. Civ. P. 4(i) (serving the United States and its agencies, corporations, officers, or employees).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within **seven (7) days** of entry of this order, Plaintiff SHALL show cause in writing why sanctions should not be imposed—including dismissal of any unserved Defendant or this action in its entirety—for Plaintiff's failure to promptly serve the summons and complaint in compliance with the Court's order.

As Defendant has not filed a responsive pleading or otherwise appeared, to permit time for pleadings to settle, IT IS FURTHER ORDERED that the scheduling conference previously set for February 4, 2026 (Doc. 4) is CONTINUED to **March 13, 2026, at 9:30 AM**.

And IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this order on Defendants within seven (7) days of entry of this order and promptly file proof of service thereof.

///

///

///

2

**Any failure by Plaintiff to timely respond to this order may result in the imposition of sanctions, including a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated:   **January 15, 2026**

_____

UNITED STATES MAGISTRATE JUDGE