UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.M.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:25-cv-01452-KES-CDB

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND

Doc. 29

Plaintiff J.M., a former federal inmate, proceeds by counsel with a first amended complaint ("FAC") against defendant United States of America, Atwater John Does 1 and 2, and Mendota Does 1–5. Doc. 23. On February 26, 2026, Defendant filed a motion to dismiss the FAC. Doc. 24. The motion was referred to the assigned magistrate judge for the preparation of findings and recommendations. Doc. 28.

On June 11, 2026, the assigned magistrate judge issued findings and recommendations to grant in part defendant United States' motion to dismiss the FAC with leave to amend. Doc. 29. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days of the date of service. *Id.* at 16. On June 25, 2026, defendant timely filed objections. Doc. 30. Plaintiff thereafter timely filed a response to the government's objections on July 9, 2026. Doc. 32.

In their objections, Defendant reiterates its argument raised in its motion to dismiss, that Plaintiff fails to state a claim under *Bivens* for deliberate indifference to a serious medical need and that plaintiffs impermissibly extend *Bivens* in a new context. *See* Doc. 30 at 2-8. In response, plaintiff asks the Court to overrule the objections and adopt the findings and

recommendation in full. Doc. 32 at 3.

Pursuant to 28 U.S.C. § 636(b)(1), this Court performed a de novo review. Having carefully reviewed the matter, including defendant's objections and plaintiff's response, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Defendant essentially argues that plaintiff's allegations fail to establish that he had a serious medical need. But taking all allegations in the complaint as true, as the Court must at the pleadings stage, the complaint sufficiently alleges that the Atwater Doe defendants knew that plaintiff was alleging that he had been sexually assaulted by guards and that he was bleeding from the anus due to the assault. By any definition, that allegation presented a serious medical need that required prompt medical assessment. The complaint further alleges that, to cover up the sexual assault, the Atwater Doe defendants were deliberately indifferent to that serious medical need and attempted to prevent, and ultimately delayed, plaintiff's medical examination. The fact that the complaint alleges plaintiff finally received such medical care after he was transferred to a different facility—FCI Mendota—does not contradict his claim that the Atwater Doe defendants were deliberately indifferent to his serious medical needs. With respect to the Atwater Doe defendants, the objections are therefore overruled.

But the Court agrees with defendant that the complaint fails to state a claim that the Mendota Doe defendants were deliberately indifferent to plaintiff's serious medical needs. The complaint confirms that, shortly after plaintiff arrived at FCI Mendota, "the facility's psychologist . . . and [an] SIS Officer [], stepped in and met with [plaintiff]." Doc. 23 at ¶ 3.74. Plaintiff recounted the sexual assault to them, the psychologist promptly intervened, and that "intervention was fateful." *Id.* at ¶ 3.75. Plaintiff's complaint indicates that the psychologist "notified SIS and health services and *ensured a proper medical examination was done*." *Id.* (emphasis added). The complaint further asserts that, based on that intervention, a nurse "properly examined" him. *Id.* While the complaint has a general allegation that the Mendota Doe defendants "with deliberate indifference, used shackles so tight as to cause pain, bleeding, and ultimately scarring on [plaintiff's] skin, knowing [plaintiff] needed medical care and denying it," this allegation primarily concerns alleged excessive force that is not actionable on plaintiff's

*Bivens* claim for deliberate indifference. The complaint is devoid of specific factual allegations concerning how the Doe defendants allegedly denied plaintiff needed medical care or what medical care they allegedly prevented plaintiff from obtaining. Accordingly, plaintiff fails to state a claim of deliberate indifference to serious medical needs as to the Mendota Doe defendants.

The Court ORDERS:

1. The findings and recommendations issued on June 11, 2026, Doc. 29, are ADOPTED IN PART.
2. Defendant's motion to dismiss Plaintiff's first amended complaint, Doc. 24, is GRANTED IN PART:
   a. Plaintiff's negligence claim ("Count Seven") is DISMISSED without prejudice and with leave to amend;
   b. Plaintiff's deliberate indifference to serious medical needs claim ("Count Nine") is DISMISSED as to the Mendota Doe defendants only, with leave to amend;
3. Plaintiff SHALL FILE within 30 days of entry of this order any second amended complaint ("SAC") consistent with this order.
4. Defendant SHALL FILE its response to any timely filed SAC consistent with Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated: August 30, 2026

UNITED STATES DISTRICT JUDGE